# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:05-cv-01491 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| A.K. SCRIBNER, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 25, 2003, in the United States District Court for the Central District of California. On February 20, 2004, the Central District ordered Respondent to file an answer to the petition. Respondent filed an answer to the petition on June 14, 2004, and Petitioner filed a traverse on June 29, 2004.

Subsequent to and despite the fact that the petition was fully briefed on the merits, the Central District appointed counsel to represent Petitioner, and ordered supplemental briefing on whether the petition should be transferred to the United States District Court for the Eastern District of California. By order of November 14, 2005, the action was transferred to this Court, and filed on November 22, 2005. Neither party has filed any substantive documents in this Court; therefore, the Court will proceed to the merits of the petition as fully briefed prior to the transfer.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is incarcerated pursuant to convictions for commercial burglary, grand theft, and identity theft. (Exhibit A, attached to Answer.) His current release date is August 23, 2009. (Exhibit B, attached to Answer, at p. 7.) Petitioner's earliest possible release date is January 22, 2008. (Exhibit C, attached to Answer, at p. 9.)

On February 18, 2003, Petitioner forcefully resisted correctional officers escorting him to his cell. (Exhibit D, at p. 17; Exhibit F, at pp. 27, 29-30, 32.) He was issued a rules violation report, CDC form 115, for using force and violence in violation of California Code of Regulations, title 15, section 3005(c). A chief psychologist reviewed Petitioner's medical file and found that the conduct alleged was not related to any medical illness and did not require assignment of a staff assistant. (Exhibit F, at p. 21.) A staff assistant was not assigned to Petitioner's case because the regulatory criteria was not met. (Exhibit D, at p. 18.) At Petitioner's request, he received the assistance of an investigative employee. (Id.) During an interview with the investigative employee, Petitioner provided a statement[1] and did not request any witnesses to be present at the hearing. (Id. at 18-19.) Petitioner was provided a copy of all documentation in advance of the hearing. (Id. at 17-18.) A hearing was conducted on March 5, 2003, and Petitioner refused to attend. (Id. at 17.) A plea of "not guilty" was entered on his behalf. (Id. at 17-18.)

Petitioner was found guilty of "resisting staff" and was assessed a ninety day credit forfeiture, pursuant to California Code of Regulations, title 15, section 3323. (Exhibit D, at p. 18; Exhibit C, at p. 5.)

DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

---

[1] Specifically, he stated: "I received regular mail by C/O [correctional officer] Castallenos and C/O Portillo, they confiscated the envelope and they gave me twenty envelopes and two pads. I noticed there was a letter that stated twenty stamps being sent. Brought this to their attention. When I got a haircut, I refused to exit the holding cage, because I wanted to see Sergeant Pina about my contraband notice. I was denied." (Exhibit D, at p. 19.)

petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's answer as a motion for dismissal pursuant to its authority under Rule 4.

B.      Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court

1 violated his due process rights "he must say so, not only in federal court but in state court."
2 Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is
3 insufficient to present the "substance" of such a federal claim to a state court. See Anderson v.
4 Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance
5 that the "due process ramifications" of an argument might be "self-evident."); Gray v.
6 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus
7 must include reference to a specific federal constitutional guarantee, as well as a statement of the
8 facts which entitle the petitioner to relief.").

9     Additionally, the petitioner must have specifically told the state court that he was raising
10 a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
11 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
12 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States
13 Supreme Court reiterated the rule as follows:

14     In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the
15 state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks
16 omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
17 are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due
18 process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.
19

20 Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

21     Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to*
22 *that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
23 Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even*
24 *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
25 underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood,
26 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
27     In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the
28 state and federal standards for reviewing the claim may be or how obvious the

1  violation of federal law is.

2  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

3  Respondent argues that Petitioner failed to exhaust the state court remedies. The Court agrees. On the form petition, Petitioner merely states that he contested a "denial of due process" in the California Supreme Court, but does not list a case number or date. (Petition, at p. 4.)

As Respondent submits, in one of his petitions presented to the California Supreme Court, Petitioner contested vaguely the jail/prison conditions, prison discipline, and "deliberate false documents/assault and medical treatment." (Exhibit K, at p. 38.) The petition before California Supreme Court did not fairly present any federal claims and, in fact, the California Supreme Court denied the petition with citations to In re Clark, 5 Cal.4th 750 (1993); In re Swain, 34 Cal.2d 300, 304 (1949); People v. Duvall, 9 Cal.4th 464, 474 (1995).

In re Swain articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of those claims. In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949). The Ninth Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974). Further, Duvall reiterates the requirement that an application for habeas corpus "should both (I) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474 (citations omitted). Because Petitioner could and should have alleged his claims with greater particularity, the state habeas corpus petition filed in the California Supreme Court, did not satisfy the exhaustion requirement, and the instant petition must be dismissed. Coleman v. Thompson, 501 U.S. at 731 ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was

'obliged to dismiss immediately,' as the petition contained no exhausted claims.") Therefore, the instant petition is unexhausted and must be dismissed.[2]

C.   Merits of Claims

In the instant petition, Petitioner contends that: (1) that he was denied witnesses and the right to appeal the falsification of documents; (2) prison officials failed to process his administrative appeal to grieve the false rules violation; and (3) he was denied the right to attend the hearing and present evidence. (Petition, at 3-4.)

Notwithstanding Petitioner's failure to exhaust the claims, the Court will recommend that it be denied as it is clearly without merit. See 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable").

Initially, to the extent Petitioner challenges the conditions of his confinement including the fact that prison officials failed to process his administrative grievance and that he is wrongfully confined in the segregated housing, these claims are not cognizable in habeas corpus.[3]

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.

---

[2] Although typically a dismissal for failure to exhaust is without prejudice, here, for the reasons explained *infra*, because there is no merit to the claims in the petition it will be denied on the merits.

[3] A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

1   Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472
2   U.S. 445, 454-455 (1984).
3          However, when a prison disciplinary proceeding may result in the loss of good time
4   credits, due process requires that the prisoner receive: (1) advance written notice of at least 24
5   hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety
6   and correctional goals, to call witnesses and present documentary evidence in his defense; and
7   (3) a written statement by the factfinder of the evidence relied on and the reasons for the
8   disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process
9   requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United
10  States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).
11         As previously stated, Petitioner alleges that he was denied the right to receive staff
12  assistance, present evidence, have witnesses, have an impartial tribunal, attend the disciplinary
13  hearing and appeal the decision. (Petition, at 5-7.)  Contrary to Petitioner's contentions, the
14  record does not support his claims.  First, Petitioner did not meet the regulatory criteria for
15  assignment of a staff assistant. (Exhibit D, at pp. 17-18; Exhibit F, at p. 21.)  Petitioner did not
16  present any evidence that he is illiterate or that his case was so complex that he required
17  assistance from another inmate or staff.  Therefore, there is no Constitutional right to any staff
18  assistance.  See Wolff, 418 U.S. at 570.  Furthermore, at Petitioner's request he received staff
19  assistance in the form of an investigative employee. (Exhibit D, at pp. 18-19.)
20         Likewise, Petitioner presented his statement through the investigative employee. (Id.)  He
21  could have presented additional evidence and requested testimony of witnesses at his hearing, but
22  he refused to attend it. (Exhibit D, at pp. 17-18.)  Petitioner did not request any witnesses to his
23  investigate employee. (Id. at 18-19.)  As such, Petitioner's failure to request any witnesses
24  defeats his claim that his due process rights were violated.
25         Lastly, to the extent Petitioner contends that there was insufficient evidence to support the
26  disciplinary action, it is without merit.  Here, the disciplinary report written by the reporting
27  officer described the circumstances of the offense. (Exhibit D, at pp. 17-18.)  The incident report
28  provided corroborating documentary evidence. (Exhibit E, at pp. 22-32.)  Furthermore,

1 Petitioner presented nothing to rebut the evidence that was presented.  Moreover, his statement provided to the investigative employee acknowledged that he refused to exit a holding cage. (Exhibit E, at p. 19.)  Accordingly, there is simply no merit to Petitioner's claims and the instant petition should be denied.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and
2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2007**                       **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE